```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

_____
                                    )
In re Ex Parte Application          )
of Pro-Sys Consultants and          )    Civil Action No.
Neil Godfrey,                       )    16-mc-91016-PBS
                                    )
            Applicants.             )
_____)

**MEMORANDUM AND ORDER**

August 5, 2016

Saris, C.J.

After a review of the record, the report and recommendation, and the objections, the Court **DENIES** Microsoft Corporation's and Raymond Ozzie's motion to quash. The Court **ALLOWS** Microsoft's assented-to motion to intervene and **DENIES** the motion to vacate the order issued by Judge Talwani pursuant to 28 U.S.C. § 1782. The Court relies on the opinion of the magistrate judge to set forth the history of the litigation. Because this discovery dispute has consumed eight months and multiple briefs, and given that the proceedings in Canada have begun, I set forth my reasons in brief.

As a preliminary matter, whether rulings on motions under § 1782 are considered dispositive—and therefore subject to *de novo* review by the district court—or non-dispositive—and therefore subject to a clear error standard—is an unsettled

question. See Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006) (declining to address "[w]hether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782"); Andover Healthcare, Inc. v. 3M Co., No. 14-MC-44 SRN/JJK, 2014 WL 4978476, at *3 (D. Minn. Oct. 6, 2014), aff'd, 817 F.3d 621 (8th Cir. 2016) ("[W]hile there is no controlling authority in this Circuit, courts in other jurisdictions have applied a 'clearly erroneous' standard of review to magistrate judges' rulings on petitions under 28 U.S.C. § 1782."); Chevron Corp. v. E-Tech Int'l, No. 10CV1146-IEG WMC, 2010 WL 3584520, at *3 (S.D. Cal. Sept. 10, 2010) ("Courts disagree over whether a motion under 28 U.S.C. § 1782 is a dispositive matter requiring the magistrate judge to issue a report and recommendation."). Noting that "some courts have found that where a discovery issue is the sole issue before a court, it is dispositive," Magistrate Judge Boal treated the motion as non-dispositive and issued a report and recommendation. Docket No. 40 at 11.

The Court need not decide this threshold matter. After scrutinizing the record, the Court has a "strong, unyielding belief that a mistake has been made," Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999), particularly with respect to the conclusion that a one-day deposition would be unduly burdensome in light of the decade-long litigation.

Accordingly, under either standard, the Court does not adopt the report and recommendation.

Federal law authorizes district courts to order discovery "for use in a proceeding in a foreign international tribunal." 28 U.S.C. § 1782. In <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 264-65 (2004), the Supreme Court set forth discretionary factors a court should consider in ruling on an application for § 1782 discovery: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome" and should be "rejected or trimmed."

The magistrate judge properly found that the applicants meet the statutory requirements of § 1782, but denied the application on discretionary grounds. In my view—under either *de novo* or clear error review—the balance of the <u>Intel</u> factors weighs in the applicants' favor.

The first factor, whether the deponent is a participant in the foreign litigation, weighs in favor of the applicants because Mr. Ray Ozzie, a Massachusetts resident and retired Chief Technology Officer and Chief Software Architect of Microsoft, is not a litigant and therefore cannot be required to give testimony in Canada. Accordingly, whether the applicants acquire this evidence depends on the Court's assistance.

The second factor focuses on the nature of the foreign tribunal, the character of the foreign proceeding, and the receptivity of the foreign court to the assistance of the U.S. court. Here, the history of the litigation is probative. On January 21, 2016, Judge Talwani initially denied without prejudice the applicants' request for an order pursuant to § 1782 for limited discovery: "Applicants have not shown that they have been granted leave from the Supreme Court of British Columbia or that they are not required to make such application. Accordingly, applicants have not demonstrated that the Supreme Court of British Columbia would be receptive to this court's assistance here." Docket No. 4. Applicants returned to the Supreme Court of British Columbia for a declaration regarding Judge Talwani's order. On March 3, 2016, Justice Myers of the Supreme Court of British Columbia held: "There is nothing in our Rules or the TMO requiring leave of this Court for the plaintiffs to apply for the U.S.C. Rule 1782 deposition. As I

4

have said, the real issue for this Court will be the admissibility of the depositions." Docket No. 7, Ex. 10 at 8. Justice Myers gave conflicting signals. While he said that leave to seek or conduct the § 1782 depositions was not required, he also warned that the deposition testimony was "presumed to be inadmissible." Id. However, he was "not prepared to say their admissibility into evidence is an impossibility." Id. at 7. Based on this order, Judge Talwani concluded the tribunal was "receptive to the court's assistance here." Docket No. 11 at 1. I agree that the best reading of this order is that the court was receptive to additional discovery but noncommittal as to admissibility.

With respect to the third factor, the Canadian court had the opportunity to hold that the deposition circumvented the Trial Management Order. It did not do so. Without a clearer statement from that court, Microsoft has not demonstrated that the applicants are engaged in an effort to thwart a prohibition on foreign depositions in the Trial Management Order.

Lastly, I am unpersuaded that the discovery is unduly intrusive or burdensome, or would unnecessarily prolong this decade-long litigation. A one-day deposition about the subject matter of emails and documents authored by Mr. Ozzie is not burdensome, especially since applicants state there is no accompanying document request. There is no evidence his

5

testimony would be cumulative. Applicants seek only to depose Mr. Ozzie about his personal knowledge and state of mind concerning his own emails. It is unlikely that a current Microsoft employee would provide the best evidence on this point in a Rule 30(b)(6) deposition. Mr. Ozzie was not deposed in any prior proceeding. In light of the fact that the proceedings are apparently underway, the deposition shall be taken forthwith.

### ORDER

Based on a review of the record, I do not adopt the report and recommendation and **DENY** the motion to quash the subpoena.

/s/ PATTI B. SARIS  
Patti B. Saris  
Chief United States District Judge